IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00424-CMA-KLM

YONG NAN KLIMEK,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [#9] (the "Motion"). Plaintiff filed a Response [#15] in opposition to the Motion [#9], and Defendant filed a Reply [#16]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motion [#9] has been referred to the undersigned for a recommendation regarding disposition. *See* [#10]. The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#9] be **GRANTED in part and DENIED in part**.

Plaintiff was injured in a vehicular accident on February 29, 2020. *Compl.* [#4] ¶¶ 4-5. Following the accident, Plaintiff underwent both immediate and long-term medical treatment at various facilities. *Id.* ¶¶ 18-25. In the present Motion [#9], Defendant seeks dismissal of Plaintiff's Complaint [#4] pursuant to Fed. R. Civ. P. 8 based on the Complaint's "pages of incoherent recitation and/or excerpts from treating physicians that

1

are entirely irrelevant and prejudicial." *Motion* [#9] at 2. Specifically, Defendant argues that it should not be required to answer or otherwise respond to those allegations, which, by way of example only, include the following:

### III. MEDICAL TREATMENT AND CAUSATION

18. **FALCK Rocky Mountain**

Paramedics arrived on scene and Plaintiff was complaining of anxiety, as well as a headache. She was transported to the hospital by the paramedics.

19. **Medical Center of Aurora**

Plaintiff was treated by Lydia Prusinowki, PA, and Dr. Thomas Seibert, MD, in the ED. Plaintiff presented with a headache after a MVC where she states she as side swiped. Patient stated she think she hit her head and has a slight headache but no LOC.
CT Head
1. No acute intracranial abnormality.
CT Cervical Spine
1. No acute fracture or subluxation.
DIAGNOSIS
R51 – Headache
V43.52XA – Car driver injured in collision w/ car in traffic accident, initial
Y92.410 – Unspecified street and highway as place
CT imaging of head and neck were negative for acute pathology. Patient was discharged home
with return precautions.

20. **Back Country Chiropractic**

On March 4, 2020, Plaintiff presented to Dr. Garry A. Warner, D.C., where she presented with neck pain, mid-back pain and low back pain. Plaintiff had muscle spasms, restricted motion of affected areas.
DIAGNOSIS
M99.01 – Segmental and somatic dysfunction of cervical region
M62.40 – Contracture of muscle, unspecified site
M54.6 – Pain in the thoracic spine
M54.42 – Lumbago with sciatica, left side
She would be seen again by Dr. Warner on March 7, 2020.

21. **Therahand Wellness – D.O. Treatment**

Plaintiff presented on March 6, 2020, to Jerry Cupps, D.O., with chief complaints of pain in both sides of the cervical spine extending into the upper thoracic area more significant on the left side. She has a low-level headache pain from time to time as a result of this accident. Her pain became much worse one or two days after the accident. She has a lot of

> pain turning her neck and gets some relief with a hot soak in the bathtub. There is tightness in the muscles in the trapezius area and in the lower posterior cervical spine paraspinal muscles on the upper thoracic area.  Her pain frequently wakes her up at night and is having difficulty sleeping.  Her pain scores are significant in the cervical and upper throrcic [sic] area – 7-8/10. Headache pain is a 2-3/10.
> DIAGNOSIS
> V43.52XA – Car driver injured in crash with car
> S13.4XXA – Cervical sprain
> S23.3XXA – Thoracic sprain
> M62.838 – Muscle spasms
> Rule out herniated nucleus pulposus of the cervical spine
> PLAN
> She was given a prescription for muscle relaxers.
> She will continue physical therapy, manual therapy and chiropractic care at the clinic.
> MRI of cervical spine without contrast was ordered.
> She will return for follow-up in two to three weeks.

*Compl.* [#4] ¶¶ 18-21 (formatting generally as in original).

The Court may dismiss a complaint for failure to comply with Fed. R. Civ. P. 8. *See, e.g.*, *Carter v. Thompson*, No. 21-cv-01155-LTB-GPG, 2021 WL 3206774, at *2 (D. Colo. June 11, 2021 (holding that "the Complaint is subject to dismissal for failure to comply with the pleading requirements of Rule 8").  Rule 8(a)(2) mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," a requirement which is reinforced by Rule 8(d)(1), which mandates that "[e]ach allegation must be simple, concise, and direct."  "Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Carter*, 2021 WL 3206774, at *2.  "As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8."  *Id.*

The Court first notes that, in part, Plaintiff argues that the entire Complaint [#4] is only nine pages long and therefore does not violate Rule 8, but length alone is not the sole consideration under Rule 8.  For example, in *Harrington v. Kansas*, No. 5:20-cv-

3

04081-HLT-KGG, 2021 WL 860947, at *3 (D. Kan. Mar. 8, 2021), the court declined to dismiss a lengthy complaint under Rule 8 in part because, "[a]lthough there are 352 individually numbered paragraphs, the Court notes that most, if not all, of those paragraphs contain one sentence."

Here, ultimately, the Court finds that certain allegations of Plaintiff's Complaint [#4] are indeed prolix and therefore violate Rule 8, specifically, Rule 8(d)(1). "Prolixity of a complaint undermines the utility of the complaint." *Robledo-Valdez v. Colo. Dep't of Corrs.*, No. 20-cv-00247-WJM-NRN, 2020 WL 8834795, at *2 (D. Colo. Dec. 11, 2020) (citing *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952)). "Thus, the Tenth Circuit has held that a complaint can run afoul of Rule 8 through unnecessary length and burying of material allegations in 'a morass of irrelevancies.'" *Robledo-Valdez*, 2020 WL 8834795, at *2 (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)). That is precisely what has occurred here. The eight paragraphs of medical allegations are plainly largely pulled word-for-word from medical records. *Compl.* [#4] ¶¶ 18-25. As written, Defendant would be required to admit, deny, or state that it lacks knowledge regarding each aspect of Plaintiff's medical visits, symptoms, and diagnoses. Fed. R. Civ. P. 8(b). For purposes of stating claims, the majority of these statements are simply immaterial and irrelevant.

Plaintiff argues that these allegations "detail[ ] her medical treatment in order to provide the Defendant with fair notice of her claims and the grounds upon which her claims rest." *Response* [#15] at 3. However, information about these medical reports may be framed in the Complaint in a way which does not violate Rule 8(d)(1), by expressly indicating that medical records are bring quoted. For example: "Treatment records from

4

this medical facility state the following: . . . ."  To respond to such an allegation, Defendant would merely admit, deny, or state that it lacks knowledge as to whether such medical records exist, instead of being compelled to address whether each specific entry in the records, such as the precise amount of anesthesia administered for a specific procedure, is admitted or denied.  *See, e.g.*, *Compl.* [#4] ¶ 25.  For this reason, the Court concludes that Plaintiff's unadorned reproduction of lengthy medical records in the Complaint is inappropriate under Rule 8.

However, the Court agrees with Plaintiff that dismissal of the entire Complaint [#4], where the vast majority of allegations *do* comply with the requirements of Rule 8, would be inappropriate, when simply striking specific allegations will achieve the same result.  *See Response* [#15] at 5.  Paragraph 18 is a "simple, concise, and direct" allegation, and the Court finds that Defendant is able to respond to this allegation pursuant to Rule 8(b).  *Compl.* [#4] ¶ 18 ("Paramedics arrived on scene and Plaintiff was complaining of anxiety, as well as a headache.  She was transported to the hospital by the paramedics.").  Further, paragraph 26 is a simple chart of Plaintiff's alleged economic damages, broken down by costs incurred from each facility.  The Court also finds that this paragraph does not run afoul of Rule 8 and that Defendant can easily respond to this allegation pursuant to Rule 8(b).  However, the remainder of the allegations at issue, in paragraphs 19-25 should be stricken pursuant to Rule 8(d)(1), with leave given to amend the Complaint [#4] should Plaintiff so choose.  Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#9] be **GRANTED in part and DENIED in part**.  The Court **recommends** that the Motion be **granted** to the extent that

paragraphs 19-25 of the Complaint [#4] be **stricken**.  The Court **recommends** that the Motion be **denied** in all other respects.

IT IS FURTHER **RECOMMENDED** that Plaintiff be granted leave to amend the Complaint [#4] within fourteen days of the District Judge's Order on the Motion [#9].

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999; *Talley v. Hesse*, 91 F.3d 1411, 1412-12 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Reap Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 10, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge